# UNITED STATES OF AMERICA

in the

## UNITED STATES DISTRICT COURT
### Eastern District of Michigan

In Admiralty

_____

|  |  |
|---|---|
| **JOSEPH E. TRAUB REVOCABLE TRUST** | Case No.: |
| Plaintiff, |  |
| vs. | **VERIFIED COMPLAINT *IN REM*** |
| The Sailing Vessel **INTERLUDE**, |  |
| Defendant, *In Rem*. |  |

**Counsel:**

For the Plaintiff
JOSEPH E. TRAUB REVOCABLE TRUST

KRAMER & COMPANY, PLC
LeRoy Kramer, III
557 Pine Street
Harbor Springs, Michigan  49740
Telephone:      (231) 526-6800
Email:           LKramer@LakeLaw.us

- 1 -

**VERIFIED COMPLAINT *IN REM***
To Discharge Mortgage Lien and Confirm Title

NOW COMES the Plaintiff, the JOSEPH E. TRAUB REVOCABLE TRUST, and for its Complaint *In Rem* against the sailing vessel INTERLUDE, together with her engines, tackle, fittings, gear, tenders, electronics, and appurtenances, states as follows:

**Summary**

This is a maritime petitory action *in rem* pursuant to Rule 9(h) Fed. R. Civ. P. and Supplemental Rules A(1) (ii) and (iii), C, and D of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions naming the sailing vessel INTERLUDE as the *in rem* Defendant to try and to quiet its title in the Plaintiff as against all other interests.

**The Parties**

1.  The *In Rem* Defendant, the sailing vessel INTERLUDE, is a certain 1987 Gozzard sailing vessel which is 36' 9" in overall length and is more particularly described by her U.S. Coast Guard Official Number 917766 and by her State of Michigan registration number, MC5000RL, and by her Hull Identification Number [HIN]: ZKR36023B787, and which, together with her engines, tackle, fittings, gear, tenders, electronics, and appurtenances, is hereafter collectively referred to as the "Vessel".

2.  The Plaintiff, the JOSEPH E. TRAUB REVOCABLE TRUST [hereafter "TRUST"], is a revocable trust within the State of Florida the mailing address of which is 5316 Macoso Court, New Port Richey, Florida 34655, Joseph E. Traub, Trustee, and which holds unchallenged title to the *In Rem* Defendant Vessel.

**Allegations of Fact**

3.  The Vessel was built in 1987 by New Castle Marine Ltd. in Goderich, Ontario, Canada.  See **EXHIBITS A** and **B**, *Affidavit of Counsel*, and *Builder's Certification*, respectively, which are attached hereto and made a part hereof by this reference to them.

4.  On May 1, 1987, by contract with North Castle Yacht Sales of Godderich, Ontario, Canada, the then unfinished Vessel was sold to John F. McCabe and Barbara J. Newman ["McCabe-Newman"] who, upon information and belief, were then living at 1303 B Fairbanks, Austin, Texas 78752.  See **EXHIBITS A** and **C**, *Affidavit of Counsel*, and the *Sales Contract*, respectively, which are attached hereto and made a part hereof by this reference to them.

5.  The total purchase price under the *Sales Contract* for the Vessel from McCabe-Newman to North Castle Yacht Sales was $ 105,000 (U.S.).

6.  The *Sales Contract*, in part, had an amount "due upon acceptance" provision for payment by McCabe-Newman to North Castle Yacht Sales of $76,000 (U.S.).

7.  On June 22, 1987 the Vessel was completed and the *Builder's Certification* was prepared by H. (Ted) Gozzard in Godderich, Ontario, Canada.  See **EXHIBIT B**, *Builder's Certification*, which is attached hereto and made a part hereof by this reference to it.

8.  The *Builder's Certification* indicates that the vessel was built for "John F. McCabe and Barbara J. Newman "A.J.T.W.R.O.S." indicating "as joint tenants with right of survivorship".  See **EXHIBIT B**, *Builder's Certification*, which is attached hereto and made a part hereof by this reference to it.

9.  On or about June 26, 1987, the McCabe-Newman interest were joint grantors of a preferred ship mortgage ["Mortgage"], as that term is used in the Ship Mortgage Act, being 46 U.S.C. §§

67.200 *et seq.*, and the grantee of such mortgage was Security Marine Creditcorp, Inc., according to United States Coast Guard ["USCG"] records. The stated term of the ship mortgage was twenty (20) years and, at the time it was made, the indebtedness was stated to be $76,000. See **EXHIBITS A**, **D**, and **E** *Affidavit of Counsel*, USCG's *General Index or Abstract of Title*, and *First Preferred Ship Mortgage* respectively, which are attached hereto and made a part hereof by this reference to them.

10. Upon information and belief, in order properly to secure the Vessel as collateral under the preferred ship mortgage, Security Marine Creditcorp, Inc., using the services of THE BOAT DOC-U-MENTOR, by Leonard A. Mathews, proceeded to have the Vessel documented with the United States Coast Guard documentation system. See, 46 U.S.C. 12101 *et seq.* and **EXHIBITS A**, **D** and **E**, *Affidavit of Counsel,* USCG's *General Index or Abstract of Title*, and *First Preferred Ship Mortgage* respectively.

11. On September 14, 1987 the United States Coast Guard issued a *Certificate of Documentation* and recorded the Vessel as a documented vessel, as that term is used in 46 U.S.C. Subpart A §§ 67.1, *et seq*. See **EXHIBIT D**, USCG's *General Index or Abstract of Title*.

12. On September 25, 1987, the Vessel was entered on the records of the Texas Parks and Wildlife, the vessel registration arm of the State of Texas and given Texas registration number 1196CZ. See **EXHIBITS A** and **F**, *Affidavit of Counsel* and *Texas Boat Registration and Titling System Ownership Information* confirmation document, respectively.

13. The Mortgage was received for recording, and formally recorded in the USCG records on February 10, 1988. See **EXHIBITS A**, **D**, and **E**.

14. A true copy of the Mortgage is currently unavailable to the Plaintiff or to counsel,

notwithstanding numerous efforts to obtain the same from the USCG's National Vessel Documentation Center ["NVDC"]. See **EXHIBIT A**, *Affidavit of Counsel*.

15. Upon information and belief, the Vessel's status as a USCG documented vessel expired on the last day of September, 1988. See, **EXHIBITS A** and **E**, *Affidavit of Counsel*, *Certificate of Documentation*, and *First Preferred Ship Mortgage* respectively.

16. Upon information and belief, the Vessel's documentation status was never renewed after September 30, 1988. See **EXHIBIT A**, *Affidavit of Counsel*.

17. Upon information and belief, notwithstanding the Vessel's unrenewed documentation status, and according to USCG records, the Mortgage was later assigned:

    A. By Security Marine Creditcorp, Inc. to Security Savings Bank, SLA on December 22, 1990 ; and,

    B. By Security Savings Bank, SLA to the Federal Reserve Bank of Philadelphia on the same day, December 22, 1990; and,

    C. By the Federal Reserve Bank of Philadelphia to Security Federal Savings Bank on March 26, 1993.

See **EXHIBIT D,** USCG *General Index or Abstract of Title*.

18. No further assignments of the mortgage are known by the Plaintiff to have occurred. See **EXHIBIT A**, *Affidavit of Counsel*.

19. Upon information and belief, each of the financial institutions set forth in paragraphs 17A and 17B, above, are no longer in existence. See **EXHIBIT A**, *Affidavit of Counsel*.

20. On March 17, 1995 one of the two original owners of the Vessel, John Francis McCabe, died in Tucson, Arizona according to an obituary published in the Port Huron [Michigan] *Times Herald*

on March 21, 1995. See **EXHIBIT G**, copy of the obituary of John Francis McCabe, which is attached hereto and made a part hereof by this reference to it.

21. On information and belief the Vessel was sold by Barbara J. Newman [the McCabe - Newman survivor and then sole owner of the Vessel] some time after John F. McCabe's death and before the winter of 2003-2004 to William Peoples Howe and Barbara Jeanne Howe ["Howes"] of Cheboygan, Michigan. See **EXHIBIT A**, *Affidavit of Counsel*.

22. From as early as the winter of 2003 - 2004, the Howes stored the Vessel during the winter months at Walstrom Marine, Inc. facility at Cheboygan, Michigan.

23. On December 22, 2005 the State of Texas deleted registration number TX B1196CZ from its system and surrendered its title to the Vessel to the State of Michigan. See **EXHIBIT F**, and *Texas Boat Registration and Titling System Ownership Information* confirmation document.

24. On November 1, 2006, the State of Michigan issued a *Watercraft Certificate of Title* to the Howes. See **EXHIBITS A** and **H** *Affidavit of Counsel* and *Michigan Title Records*, respectively, which are attached hereto and made a part hereof by this reference to them.

25. The *Michigan Title Records*, **EXHIBIT H**, representing the transfer of the Vessel from, upon information and belief, McCabe-Newman ownership indicates on its face "no secured interest on record".

26. On August 13, 2010 the Plaintiff TRUST purchased the Vessel from the Howes. See **EXHIBITS H** and **I**, respectively the *Michigan Title Records* and the *Bill of Sale*, which are attached hereto and made a part hereof by this reference to them.

27. The *Bill of Sale* from the Howes to the Plaintiff TRUST states, in part, that the Vessel is sold " ... with full guaranty of title and with complete transfer and subrogation of all rights and actions

of warranty against all former proprietors of the property ....." and includes a declaration and affirmation by the Howes " ... that there is no mortgage, lien or encumbrance of any nature whatsoever against the above described property or any accessories attached thereon.", among other things.1988. See **EXHIBITS A** and **I**, *Affidavit of Counsel* and *Bill of Sale*, which are attached hereto and made a part hereof by this reference to them.

28.     On the same day, August 13, 2010, the Plaintiff TRUST made application for a Watercraft Title to the Michigan Secretary of State.1988. See **EXHIBITS A** and **H**, *Affidavit of Counsel* and *Michigan Title Records*, respectively, which are attached hereto and made a part hereof by this reference to them.

29.     The Plaintiff TRUST is now the sole and unchallenged owner of the Vessel.

30.     The USCG has no record of the transfer of ownership of the Vessel from McCabe-Newman to Howe or from Howe to the Plaintiff TRUST, or any other person or entity at any time. See, **EXHIBIT D**, USCG's *General Index or Abstract of Title*.

31.     The USCG has revealed no record of the Mortgage having been satisfied or discharged at any time, and it remains a cloud on the Vessel's title. See, **EXHIBIT D**, USCG's *General Index or Abstract of Title*.

32.     At the time of the purchase of the Vessel for value by the Plaintiff TRUST in 2010, neither the Plaintiff TRUST, nor its Trustee, or anyone known to the TRUST or the Trustee, knew of the 1987 Mortgage or any of the assignments of the Mortgage.

33.     During the Spring of 2021, the Plaintiff TRUST reached an agreement to sell the Vessel to a potential buyer who discovered the existence of the Mortgage remaining on the USCG records and who determined not to purchase the Vessel.

34. Since the Summer of 2021, the Plaintiff TRUST, its Trustee, and counsel for the Plaintiff Trustee have endeavored without success to find any record of the discharge of the Mortgage. Such endeavor has included:

    A.    Telephone and email contact with the adult son of Barbara J. Newman, Bruce Newman original owner of the Vessel. [Ms. Newman is elderly, thought to be in her 90's and described by her son as suffering from Alzheimer's Disease]. Mr. Newman had no recollection of the lien in question and made no claim of any kind in regard to the Vessel; and,

    B.    Telephone and email contact with Ms. Barbara Jeanne Howe who confirmed that her husband, William Peoples Howe, was deceased and that she had no recollection of the lien in question and made no claim of any kind in regard to the Vessel; and,

    C.    Contact with the Division of Resolutions and Receiverships Federal Deposit Insurance Corporation [FDIC] which has confirmed that the last known assignee of the Mortgage, Security Federal Savings Bank of Vineland, New Jersey is defunct and no longer carrying on business.

See, **EXHIBIT A**, *Affidavit of Counsel*.

35. The Plaintiff TRUST has made diligent and good-faith efforts to determine whether the Mortgage has been discharged without making a record of such discharge with the USCG, whether or to which person or entity the Mortgage may have been assigned by any assignee.

36. There are no claims known by the Plaintiff TRUST which have been made at any time by any mortgagee, by any assignee of any mortgagee, or by any person or entity as against the Vessel or the Plaintiff TRUST, or any of its previous owners, based on the 1987 Mortgage which remains on the

USCG records and a cloud on the Vessel's title.

37. On information and belief, the Mortgage has been satisfied, discharged or, by the passage of time, abandoned, and all right and interest in the Vessel once held by Security Marine Creditcorp, Inc. as well as any of its predecessors, successors, and assigns, known and unknown, are now and forever barred.

**Jurisdictional Allegations**

38. This matter involves a claim for relief within the admiralty and maritime jurisdiction of this Court and within the meaning of Fed.R.Civ.P. 9(h) and Supplemental Rules A(1) (ii) and (iii), C, and D of the Supplemental Rules for Certain Admiralty and Maritime Cases, Fed.R.Civ.P.

39. Specifically, this is a petitory action *in rem* to try title with respect to a vessel, under Supplemental Rule D.

40. The Vessel, at the time this suit in admiralty is commenced, is, or during the pendency of this action will be, located upon, or in winter storage immediately adjacent to, the navigable waters of the State of Michigan and the Eastern District of Michigan, to wit Lake Huron, which is part of the navigable waters of the United States and withing the geographical jurisdiction of this Court within the meaning of Supplemental Rule C (2)(c).

41. Original and exclusive jurisdiction over this claim is vested in this Court by virtue of the provisions of 28 U.S.C. § 1333 (1) relating to civil cases of admiralty and maritime jurisdiction

**COUNT I**
**For Clear and Unencumbered Title to**
**The *In Rem* Defendant Vessel**

42. The allegations set for in Paragraphs 1 through 41, above, are realleged herein by this

reference to them as if they were fully set forth.

43. The Mortgage once held by Security Marine Creditcorp, Inc. as well as any of its predecessors, successors, and assigns, known and unknown, has been satisfied, discharged or, by the passage of time, abandoned, and all right and interest in the Vessel, are now and forever barred.

44. Clear and unencumbered title to the *In Rem* Defendant Vessel is, and by right should be declared by this Court to be held by the Plaintiff, JOSEPH E. TRAUB REVOCABLE TRUST.

45. The lien upon the Vessel as represented by the Mortgage should be discharged, and clear title to the Vessel confirmed in the Plaintiff, JOSEPH E. TRAUB REVOCABLE TRUST.

WHEREFORE your Plaintiff demands, in addition to any of the claims which may be set forth in any other Count herein, and pursuant to the laws of the United States and the State of Michigan, the following relief:

A. That process in the form of a warrant for arrest be issued against the *In Rem* Defendant Vessel, INTERLUDE, and against all persons and entities having, or claiming to have, any interest in her, citing them to interpose in this matter such claim as they may have; and,

B. That the lien upon the Vessel as represented by the Mortgage be discharged, and clear title to the Vessel confirmed in the Plaintiff, JOSEPH E. TRAUB REVOCABLE TRUST; and,

C. That the Plaintiff, JOSEPH E. TRAUB REVOCABLE TRUST be declared and established as the sole owner of the *In Rem* Defendant Vessel, INTERLUDE; and,

D. That the Plaintiff have judgment in its favor exonerating the *In Rem* Defendant

which might be, or is made, under the mortgage on file with the United States Coast Guard; and,

E. That the United States Coast Guard be directed by this Court to file a true copy of such judgment or order as this Court may make discharging all and any such claims and liens, known or unknown, which might be or is made under the mortgage on file with the United States Coast Guard upon the official record relating to the *In Rem* Defendant Vessel, INTERLUDE; and,

F. That the Plaintiff have such further and additional relief as may be consistent with equity and good conscience.

Dated at Harbor Springs, Michigan, on this 23rd day of March, 2022.

LeROY KRAMER, III
Attorney for the Plaintiff
JOSEPH E. TRAUB REVOCABLE TRUST

_____
BY: LeRoy Kramer, III

Michigan State Bar No. P-26662
Wisconsin State Bar No. 01006437

557 Pine Street
Harbor Springs, Michigan 49740

Telephone: (231) 526-6800
EMail: LKramer@LakeLaw.us

## VERIFICATION

STATE OF FLORIDA )
) ss.
PASCO COUNTY )

    BEFORE ME the undersigned authority, personally appeared Joseph E. Traub, Trustee of the JOSEPH E. TRAUB REVOCABLE TRUST, a person known to me and who, after first having been duly sworn, did depose and state that he is the designated agent and sole Trustee of THE JOSEPH E. TRAUB REVOCABLE TRUST, Plaintiff, in the within cause, and that the foregoing Verified Complaint is true except as to all matters stated to be made upon information and belief, and as to those matters he believes them to be true.

_____
Joseph E. Traub, Trustee
JOSEPH E. TRAUB REVOCABLE TRUST

SWORN AND SUBSCRIBED TO before me this _25_ day of March, 2022.

_____
NOTARY PUBLIC, Pasco County, Florida
My Commission expires: July 1, 2024

[AFFIX SEAL]



HOPE PRATER
MY COMMISSION # HH16938
EXPIRES: July 01, 2024